# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-1605V
UNPUBLISHED

| | |
|---|---|
| STEPHEN McGEORGE,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: May 28, 2021<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Carl Joseph McCoy,* McCoy & McCoy Attorneys at Law LLC, Newark, OH, *for petitioner.*

*Ryan Daniel Pyles,* U.S. Department of Justice, Washington, DC, *for respondent.*

### RULING ON ENTITLEMENT[1]

On October 15, 2019, Stephen McGeorge filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of his October 24, 2018 influenza ("flu") vaccination. Petition at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 24, 2021, Respondent filed his Rule 4(c) and Proffer on Compensation report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report and Proffer on Compensation at 1.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Specifically, Respondent indicates that

> Under the Vaccine Act, petitioner may demonstrate eligibility for an award of compensation by showing that he suffered a vaccine-specific injury listed on the Vaccine Injury Table within the requisite time period set forth in the Table, in which case causation is presumed. *See* 42 C.F.R. § 100.3.
>
> Medical personnel at the Division of Injury Compensation Programs, Department of Health and Human Services (DICP), have reviewed the facts of this case and concluded that petitioner's claim meets the Table criteria for SIRVA. Specifically, petitioner had no history of pain, inflammation or dysfunction of the affected shoulder prior to intramuscular vaccine administration that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccine injection; he more likely than not suffered the onset of pain within forty-eight hours of vaccine administration; his pain and reduced range of motion were limited to the shoulder in which the intramuscular vaccine was administered; and there is no other condition or abnormality present that would explain petitioner's symptoms. 42 C.F.R. § 100.3(a), (c)(10). Therefore, petitioner is entitled to a presumption of vaccine causation.

*Id.* at 3. Respondent further agrees that

> [w]ith respect to other statutory and jurisdictional issues, the records show that the case was timely filed, that the vaccine was received in the United States, and that petitioner satisfies the statutory severity requirement by suffering the residual effects or complications of her injury for more than six months after vaccine administration. *See* 42 U.S.C. §§ 300aa-11(c)(1)(D)(i). Petitioner also avers that "[n]either I nor anyone on my behalf has ever received compensation in the form of an award or settlement for [his] vaccine-related injury." Ex. 3 at 2.

*Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master